No. 2885.—STATE, ex rel. JAMES F. ARD, *v.* HENRY H. BANKSTON.

Where a case involving the right to office is tried in chambers and an appeal is taken by motion, in open court, citation of appeal is not necessary.

If the appeal bond embraces all the parties necessary to the appeal, the fact that the order of appeal fails to set out the proper parties is not good cause for dismissing the appeal.

The failure of the order of appeal to fix a return day is not good cause for dismissing the appeal, because the fault is not attributable to the appellant.

The fact that the transcript was not filed until fifteen days after the judgment of the court below, in suit involving a contest for office, does not lay the foundation for a motion to dismiss the appeal.

In a contest for office where each one of the contestants holds his commission from the Governor of the State, with no evidence before the court showing that a vacancy has occurred in the office, and no evidence *dehors* the commissions is offered which contradicts their recitals, the contestant who holds the commission first issued will be declared entitled to continue in the office.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. *Ellis*, J. *Bolivar Edwards*, District Attorney, and *Wilson & Perrin*, for relator and appellant. *T. & J. Ellis*, for defendant and ·appellee.

ON MOTION TO DISMISS APPEAL.

HOWE, J. The defendant, appellee, has moved to dismiss this ·appeal on the grounds:

*First*—That the appeal having been taken by motion, *at chambers*, there is neither petition nor citation.

*Second*—That the order of appeal does not fix any place to which it shall be returnable, nor return day.

*Third*—That the record of appeal was not brought up in time (the right of office being involved), the judgment having been signed May 7, 1870, and the transcript filed May 23, 1870 ; and

*Fourth*—That the State, co-plaintiff, is not made a party to the ·appeal.

The case was tried in chambers under the provisions of the intrusion ·act of 1868. The court was duly open and the motion of appeal was made on the same day the judgment was read, " in open court," and ·no citation was necessary.

If it be a defect that the order does not fix a time and place, it is not attributable to the appellant.

The fact that the *transcript* was not *filed* till fifteen days after judgment in the court below, does not lay a foundation for a motion to dismiss.

The State was made a party to the appeal by the appeal bond in favor of the clerk. All possible parties are brought before us in this way.

Motion to dismiss overruled.

---

## ON THE MERITS.

TALIAFERRO, J. This is an action brought under the "Intrusion Act." The relator avers that he was duly appointed sheriff of the parish of Tangipahoa by the Governor of the State and was confirmed by the Senate on the sixteenth of March, 1870, and in accordance with this appointment he holds the proper commission issued to him on the same day; that he has duly qualified as sheriff by taking the oath and furnishing the official bond required by law; that notwithstanding his legal right to hold the office and discharge the duties appertaining to it, he is obstructed and prevented from so doing by one Henry H. Bankston, made defendant herein, who pretends that he is the sheriff of said parish, and that he unlawfully holds and controls the said office of sheriff, retaining from the possession of the relator the archives, books, papers and appurtenances of the office. He prays judgment against the defendant as an intruder into the office aforesaid; that he be decreed to be unlawfully acting in the capacity of sheriff of said parish; that he be ejected and excluded therefrom; that relator be put into possession of the office and maintained in the peaceable exercise of the duties thereof; that he recover from defendant two thousand dollars damages for his tortious and illegal acts and for all costs of this proceeding.

The answer is a general denial. The defendant specially alleges that the relator is disqualified by the fourteenth amendment of the Constitution of the United States to hold office; avers that he is himself the duly appointed, commissioned and qualified sheriff of Tangipahoa parish, appointed thereto and commissioned on the ninth of March, 1869, in pursuance of the act of the Legislature of the sixth of the same month, establishing the said parish; that by the provisions of said act the Governor was authorized to appoint the parish officers of the new parish, and their term of office was made to extend to the next general election then next ensuing. There was judgment in favor of the defendant and the relator has appealed.

The point which the relator strives to make is, that the appointment

of Bankston on the ninth of March, 1869, continued only to the end of the next session of the Legislature; and he avers that when it was made the Senate was not in session to confirm nominations, the Legislature having adjourned *sine die* nine days before; that there was, therefore, a vacancy in the office, which arose at the end of the regular session of the Legislature, about the first of March, 1870; that the relator was appointed on the sixteenth of that month, during the extra session of the Legislature called immediately after the termination of the regular session that preceded, and that his nomination was confirmed by the Senate during the extra term. There is no difference between the commissions except in their dates and the names of the appointees. Both commissions recite that the appointments were made by and with the advice and consent of the Senate. There is no evidence *dehors* the commissions contradicting their recitals, and we are not authorized to take judicial cognizance, without proof, of the legislative transactions recorded in its journals in order to ascertain the truth of the fact as to whether confirmations were made by the Senate of the persons purporting, by these commissions, to have been appointed. In the entire absence of anything showing that there has been a removal from office of the party first appointed or that the office had, from any cause, become vacated before the date of the last commission, we can only presume the last commission was issued in error, and must, therefore, maintain the defendant in the right he sets up to the office in virtue of his holding the older commission. This case differs from the case of George *v.* Tucker, 23 An.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts.